Tan v. Barr

BIA
Bukszpan, IJ
A205 886 707

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of May, two thousand nineteen.

PRESENT:
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

HAI TAN,
*Petitioner,*

v.                                        17-1828
NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Jim Li, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Kiley Kane,
                         Senior Litigation Counsel; Ann M.
                         Welhaf, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Tan, a native and citizen of the People's Republic of China, seeks review of a May 15, 2017, decision of the BIA affirming a September 19, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Tan,* No. A205 886 707 (B.I.A. May 15, 2017), *aff'g* No. A205 886 707 (Immig. Ct. N.Y. City Sept. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, which did not consider the IJ's findings regarding Tan's U.S. visa. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Tan was not credible as to his claim that he has three children (two daughters and a son) in violation of China's family planning policy and that he was persecuted and fears harm on that account.

The agency reasonably relied in part on Tan's submission to the immigration court of a fraudulent household register designed to support his claim that he has three children. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (providing that an applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner)" influence an IJ's credibility determination); *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006) (concluding that

3

submission of a fraudulent document to support asylum application may alone constitute substantial evidence warranting an adverse credibility finding); *see also In re O-D-*, 21 I. & N. Dec. 1079, 1083 (BIA 1998) (holding that an asylum applicant's "presentation of at least one counterfeit document, and probably two, submitted to prove a central element of the claim in an asylum adjudication" may be relied on to discredit other evidence and to find the applicant not credible).

The agency also reasonably found the record inconsistent regarding the purpose of the fraudulent document. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Tan testified variously that his daughters never had another household register, that they may have had an earlier register, that they had a register at birth, and finally that they obtained the fraudulent register when they were 6 years old so they could attend a specific school. Tan's testimony was inconsistent with the register, which provided that the daughters were registered for the first time when they were 11 and 8 years old.

At the conclusion of Tan's merits hearing, the IJ continued proceedings to give Tan an opportunity to further corroborate his claim that he has three children. The IJ

4

specifically requested Tan's daughters' school records, their birth records, a family register, and Tan's visa application for South Korea (to see if Tan listed his daughters in that application).  The IJ did not err in finding that Tan failed to rehabilitate his claim with reliable evidence corroborating that he has two daughters because, despite the continuance, Tan failed to supply his daughters' school records or his visa application as requested.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Further, the IJ reasonably declined to credit the evidence that Tan submitted, which included (1) hospital birth certificates issued in 2012 but not submitted before his 2016 hearing, (2) a 2015 household register that listed Tan as head of household and included his wife, son, and daughters despite his 2016 testimony that his daughters were registered separately, and (3) a handwritten letter stating that Tan is the father of his three children that was stamped at a police station when he testified that his wife had bribed

5

a relative who worked for the police to create fake documents. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence is largely within agency discretion); *see also Siewe*, 480 F.3d at 170 ("[W]here an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence."). The IJ also reasonably questioned the existence of Tan's daughters given that Tan did not submit any evidence of his daughters' existence created before 2010 although they were born in 1999 and 2004. *See Biao Yang*, 496 F.3d at 273.

Given the fraud, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court